| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-02475 SJO (KSx)    **DATE:** June 6, 2016

**TITLE:** Scott v. Traffic Management, Inc.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers):** **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** [ECF No. 9]

This matter is before the Court on Plaintiff Robert Scott's ("Plaintiff") Motion to Remand to State Court ("Motion"), filed May 11, 2016. Defendant Traffic Management, Inc. ("Defendant") opposed the Motion ("Opposition") on May 23, 2016, and Plaintiff replied ("Reply") on May 30, 2016. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 13, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2016, Plaintiff filed a Complaint in the Superior Court of California for the County of Los Angeles, and was assigned Case No. BC613316. (*See* Decl. Kaitlin J. Hanigan in Supp. Notice of Removal ("Hanigan Removal Decl."), Ex. 1 ("Compl."), ECF No. 1.) In his Complaint, brought pursuant to California's Private Attorneys General Act ("PAGA") and various sections of the California Labor Code, Plaintiff asserts the following three causes of action: (1) failure to authorize and permit all paid rest periods; (2) derivative failure to timely furnish accurate itemized wage statements; and (3) derivative violations of Labor Code § 203. (*See generally* Compl.)

Defendant removed to this Court on April 11, 2016, asserting that the Court has federal question jurisdiction over the action because Plaintiff's claims "substantially depend upon the interpretation of a collective bargaining agreement ('CBA') and are preempted under Section 301 of the Labor Management Relations Act ('LMRA') . . ." (Notice of Removal 1.)

II.   DISCUSSION

Plaintiff contends that remand is appropriate because the Court lacks federal question jurisdiction over the instant action. In particular, Plaintiff argues that Defendant has not alleged plausible grounds for removal because the CBA that purportedly covers Plaintiff's claims was not valid during Plaintiff's employment with defendant. (Mot. 1, ECF No. 9.) Plaintiff also argues that

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

CASE NO.: <u>CV 16-02475 SJO (KSx)</u>     DATE: <u>June 6, 2016</u>

because Plaintiff's claims do not arise under or require interpretation of any CBA, section 301 of the LMRA does not apply, and remand is proper. (Mot. 1.)

Defendant responds as follows. First, Defendant argues that Plaintiff in his Motion overlooks the fact that he has asserted a representative action under PAGA, and therefore both the Northern California CBA and Southern California CBA are germane to this litigation. (Opp'n 2, ECF No. 13.) Second, Defendant contends that Section 301 preemption applies because Plaintiff's claims arise under and require interpretation of the CBAs, and further contends that Plaintiff's argument that the Court can simply "look at" the CBAs does not pass muster. (Opp'n 3.) Third, Defendant argues that the Northern California CBA differs from California state law with regard to its provision on rest periods, and therefore the Court must interpret the rest period provision in order to resolve Plaintiff's PAGA claim for failure to provide rest periods as it pertains to Northern California employees. (Opp'n 3.) Finally, Defendant contends that the Southern California provides that all disputes arising out of Wage Order 16 be resolved through the CBA's grievance procedures, evidencing a waiver of Plaintiff's right to resolve his rest period claim in this forum. (Opp'n 3.)

    A.    <u>Legal Standards</u>

        1.    <u>Remand Based on Lack of Federal Question Jurisdiction</u>

As courts of limited jurisdiction, federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Any doubt as to removability is resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Typically, federal question jurisdiction exists only "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Indeed, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841 (1983)).

///

        2.    <u>The Complete Preemption Exception</u>

Case 2:16-cv-02475-SJO-KS   Document 16   Filed 06/06/16   Page 3 of 5   Page ID #:361

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 16-02475 SJO (KSx)</u>    DATE: <u>June 6, 2016</u>

"An exception to the general rule exists, however, when the preemptive force of a statute is so strong that it 'completely preempt[s]' an area of state law." *Id.* (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)). "In such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded." *Id.* (citing *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003)). "This is because the 'claim purportedly based on . . . [a] preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Id.* (quoting *Balcorta*, 208 F.3d at 1107).

Although "[t]he complete preemption exception to the well-pleaded complaint rule is applied primarily under § 301 of the LMRA . . . . § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship." *Id.* at 1075-76. "Thus, 'not every claim which requires a court to refer to the language of a labor-management agreement is necessarily preempted.'" *Id.* at 1076 (quoting *Associated Builders & Contractors, Inc. v. Local 302 Int'l Bd. of Elec. Workers*, 109 F.3d 1353, 1357 (9th Cir. 1997) (as amended)). Moreover, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 n. 12 (1988)). "Thus, in order for complete preemption to apply, 'the need to interpret the CBA must **inhere in the nature of the plaintiff's claim**. If the claim is plainly based on state law, § 301 pre-emption is not mandated simply because the defendant refers to the CBA in mounting a defense.'" *Valles*, 410 F.3d at 1076 (emphasis added) (quoting *Cramer v. Consolidated Freightways*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc)).

Where a complaint does not mention the existence of a collective-bargaining agreement, courts undertake a two-part inquiry to determine whether a particular right inheres in state law or is instead grounded in the CBA. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). First, the court considers "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Id.* (quoting *Livadas*, 512 U.S. at 123). Second, to determine whether a state law right is "substantially dependent" on the terms of a collective-bargaining agreement, courts must "decide whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." *Id.* (citing *Livadas*, 512 U.S. at 125).

    B.    <u>Analysis</u>

Defendant principally contends that the complete preemption exception applies because both the Northern California and Southern California CBAs are "relevant" to and "necessarily implicated by" Plaintiff's PAGA suit. (Opp'n 5.) Defendant is misguided, however, for whether the CBAs are "relevant" is not the question the Court must answer to determine whether federal question jurisdiction exists. Rather, the Court must determine whether Plaintiffs claims "inhere[ ] in state

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  CV 16-02475 SJO (KSx)                DATE:  June 6, 2016

law or [are] instead grounded in the CBA." *Burnside*, 491 F.3d at 1060. This requires determining whether a state law right is "substantially dependent" on the terms of a collective-bargaining agreement, which involves "decid[ing] whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." *Id.*[1]

Thus, the question the Court must answer is whether Plaintiff's rest period, wage statement, and waiting time claims involve state law wage and hour rights that are "substantially dependent" on the interpretation of a CBA. This requires deciding whether the claims can be resolved by "looking to versus interpreting the CBA." *Burnside*, 491 F.3d at 1060. In this context, "the term 'interpret' is construed narrowly—it means something more than 'consider,' 'refer to,' 'look to,' or 'apply.'" *Placencia v. Amcor Packaging Distrib., Inc.*, No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *2 (C.D. Cal. May 12, 2014) (quoting *Balcorta*, 208 F.3d at 1108).

Copies of the Northern California CBA and Southern California CBA have been provided by the parties. (*See* Decl. Fernando Soriano in Supp. Notice of Removal ("Soriano Removal Decl."), Ex. A at 1-32 ("Northern California CBA"), 33-99 ("Southern California CBA").) The Court has reviewed the cited portions of these CBAs, and agrees with Plaintiff that no interpretation of any of the provisions in the CBAs is required.

With respect to the Northern California CBA, Defendant contends that interpretation of the agreement is required because the rest provision contained therein permits employees to "tack on" their second rest period in a manner not permitted under state law. (*See* Opp'n 7.) The Court disagrees that this provision requires "interpretation," as the term is understood within the meaning of the complete preemption exemption. Defendant points to no particular language within this provision that requires interpretation. Indeed, significantly more complicated provisions have been held to require **no** interpretation, such as those defining and limiting relevant terms that "detail fairly complicated procedures and contain a hefty dose of industry jargon." *Balcorta*, 208 F.3d at 1109; *see also Faaola v. GES Exposition Services, Inc.*, Nos. C 09-02327 WHA, C 09-02394 WHA, 2009 WL 2447715, at *4 (N.D. Cal. Aug. 7, 2009) (holding that provision defining "seniority employees" and "casual employees" was "neither uncertain nor ambiguous" and did not require interpretation); *Morales v. Amcor Packaging (USA), Inc.*, No. 2:14-cv-03612-ODW (AJW), 2014 WL 2931174, at *3 (C.D. Cal., June 30, 2014) (holding rest period provisions in CBA required "merely a cursory reading"). Here, the Court finds that a determination of whether Plaintiff received rest periods, accurage wage statements, and timely pay upon separation is a "purely

---

[1] Defendant does not contend that the "legal character" of Plaintiffs claims are not ground in California state law, independent of the CBAs. (*See generally* Opp'n.) The Court agrees with Plaintiff that his rest period, wage statement, and waiting time claims involve state law wage and hour rights are based on protections afforded by California state law, independent from the CBA. (*See* Mot. 4.)

Case 2:16-cv-02475-SJO-KS Document 16 Filed 06/06/16 Page 5 of 5 Page ID #:363

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 16-02475 SJO (KSx)        DATE: June 6, 2016

factual inquiry" that requires no interpretation of any CBA. *Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *6 (N.D. Cal. Feb. 19, 2013). Thus, Defendant has not met its burden of demonstrating how Plaintiff's claims are "substantially dependent" on the Northern California CBA.

With respect to the Southern California CBA and its procedures for resolving disputes and grievances, the Court agrees with Plaintiff that his claims are not "substantially dependent" on these procedures. To the extent Defendant's argument is premised on the provision in the Southern California CBA that the grievance procedures therein "shall be the exclusive remedy for any violation of this Agreement," Plaintiff does not allege a violation of the CBA, and therefore his claims are not "substantially dependent" on the interpretation of this provision. *See Munoz v. Atl. Express of L.A., Inc.*, 2012 WL 5349408, at *5 (C.D. Cal. Oct. 30, 2012) (holding that "because the CBA expressly limits the application of the grievance procedure to grievances relating to the CBA, it does not, by its terms, subject Plaintiff's claims under state law to said procedure."). To the extent Defendant's argument is premised on the provision in the Southern California CBA that "[a]ny dispute arising from [Industrial] Wage Order [16] shall be processed under and in accordance" with the CBA, (Southern California CBA art. XVI, § D), California courts of appeals have held that rights related to rest periods and wage-stub itemization, including those set forth in wage orders, are nonwaivable and nonnegotiable, noting that the legislature had specified that these rights constitute "minimum substantive guarantees . . . [and that] the Legislature has categorically forbidden the modification of any provision of these laws." *Zavala v. Scott Bros. Dairy, Inc.*, 143 Cal. App. 4th 585, 594, 596 (2006). In any event, "reliance on the CBA as an aspect of a defense is not enough to inject a federal question into an action that asserts what is plainly a state law claim." *Burnside*, 491 F.3d at 1060. Thus, Defendant has not met its burden of demonstrating how Plaintiff's claims are "substantially dependent" on the Southern California CBA.

III.   RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. This matter shall be remanded to the Superior Court of California for the County of Los Angeles.

IT IS SO ORDERED.